**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**FREDRICK LYDELL RANDLE** **PLAINTIFF**

**VERSUS** **NO.** 4:18cv205-SA-JMV

**LEFLORE COUNTY, MISSISSIPPI,**
**LEFLORE COUNTY SHERIFF'S DEPARTMENT,**
**and DEFENDANT "X"** **DEFENDANTS**

**JURY TRIAL DEMANDED**

**COMPLAINT**

This is an action to recover actual damages for discharge in violation of the First Amendment of the United States Constitution, and for violation of state law. The following facts support this action:

1.

Plaintiff FREDRICK LYDELL RANDLE is an adult resident citizen of 1409 Northpark Drive, Greenwood, Mississippi 38930.

2.

Defendant LEFLORE COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process through its Chancery Clerk, Christine Lymon, 306 West Market Street, Greenwood, MS 38930.

Defendant LEFLORE COUNTY SHERIFF'S DEPARTMENT is a political subdivision of the State of Mississippi. It may be served with process through its sheriff, Fredrick Ricky Banks, 3600 County Road 540, Greenwood, Mississippi 38935.

Defendant "X" is an individual or individuals who caused the sheriff of Defendant County to make the employment decision at issue in this case.

Defendant County and Defendant Sheriff's Department are believed to be the same entity. Because of a decision of the United States Court of Appeals for the Fifth Circuit has treated a sheriff's department as a separate entity, Plaintiff also names Leflore County Sheriff's Department as a separate entity, but Plaintiff believes this is unnecessary.

At all relevant times, Defendants acted under color of state law.

3.

This Court has jurisdiction under 28 U.S.C. § 1343, for a cause of action authorized by 42 U.S.C. § 1983, and based upon violation of rights guaranteed by the freedom of speech provisions of United States Constitution Amendment One. This Court has supplemental jurisdiction over Plaintiff's state law claim.

4.

Plaintiff was employed by Defendant Sheriff's Department as a full-time deputy sheriff. Working in this capacity was important to Plaintiff since he loved law enforcement work and felt a sense of contribution to the community.

5.

On or about May 17, 2018, Plaintiff attended a forum at the Leflore County Civic Center organized by a local pastor, Pastor Mary Johnson. Attending the forum was not a requirement of Plaintiff's law enforcement duties; indeed, Plaintiff was the only law enforcement officer in attendance. The forum concerned the large number of murders which had occurred in Leflore County, Mississippi, with seven (7) African-American boys killed by firearms since January 1, 2018.

Plaintiff attended the forum because he had been a victim of gun violence, and because he, like the other citizens, wanted something done to stop the number of killings occurring in the county.

6.

At the forum, Plaintiff stated that he had been the victim of gun violence, and he asked the audience to "look around" to see whether persons whom they had voted for were in attendance. Plaintiff urged parents to get involved, and to call law enforcement officers if they knew their child was involved in criminal activity. Plaintiff also defended law enforcement, stating that he knew that there were some law enforcement officers who would turn their heads but, in general, they were complaining about the wrong people.

7.

Two (2) days after the forum, on May 19, 2018, the Leflore County Sheriff, Fredrick Banks, for whom Plaintiff had worked as a law enforcement officer for twelve (12) years, called Plaintiff into his office. Banks had in hand a newspaper article describing the forum. Banks claimed that the Board of Supervisors had a "problem" with comments that were made at the forum. Sheriff Banks accused Plaintiff of "wearing too many hats." This apparently referenced the fact that Plaintiff also worked part-time for the Emergency Management Division of Defendant County. Plaintiff inquired of several members of the Board of Supervisors, who informed Plaintiff that they had no issues with the article that was published in the newspaper.

8.

Nevertheless, because Plaintiff thought that the sheriff was claiming that the article was critical of public officials, Plaintiff then wrote a letter of clarification to the editor of the Commonwealth to make it clear that it was not his intent to levy criticism.

9.

A copy of the original article that appeared in the Leflore Commonwealth newspaper published on May 17, 2018, is attached hereto as Exhibit "A." A copy of the article of clarification published on May 20, 2018, is attached hereto as Exhibit "B."

10.

Plaintiff has learned that on or about May 28, 2018, the sheriff attended a Board of Supervisors' meeting over a "personnel matter." Plaintiff learned that between the time of May 17, 2018 through May 28, 2018, the Board of Supervisors had three (3) executive sessions relating to a personnel matter, and Plaintiff believes these meetings concerned him.

11.

On May 31, 2018, the sheriff again called Plaintiff into his office, and said that the Board wanted to hire Plaintiff full-time into the Emergency Management Department, and he wanted Plaintiff to resign from the department. Plaintiff declined to resign because he had not done anything wrong, and because he loved law enforcement.

12.

On May 31, 2018, Plaintiff sent the sheriff a text message, stating that he could not resign since that would be admitting wrongdoing. The sheriff responded by terminating Plaintiff's employment via text message also sent on May 31, 2018.

13.

Plaintiff was terminated because he had stated his opinion and facts at a public forum. Plaintiff's statements are guaranteed by the freedom of speech provision of the First Amendment of the United States Constitution. Plaintiff's speech was not a part of his ordinary job duties.

14.

After Plaintiff left his employment, he was hired full-time into the Emergency Management Department of Defendant County. Plaintiff earns substantially less income working full-time there than he earned prior to his discharge with Defendants. The termination cost Plaintiff lost wages, as well as depression and anxiety.

15.

Concerning Plaintiff's termination, Sheriff Banks said "when folks want you to do something, you do it." This statement referred to person or persons who influence Sheriff Banks to discharge Plaintiff because of the writing of the article. Sheriff Banks did not give these person or persons names, and they are, therefore, sued as Defendant "X."

16.

Because one who would maliciously cause another to be discharged from his employment has acted outrageously, punitive damages are due against Defendant "X."

17.

Defendants are liable to Plaintiff for actual damages for lost income and mental anxiety and stress for violation of First Amendment rights.

18.

Defendant "X" is liable to Plaintiff to for maliciously and intentionally interfering with Plaintiff's employment in violation of state law.

19.

In the event Plaintiff is in error, and there was no one who actually influenced the sheriff's termination decision, then Sheriff Banks is liable for punitive damages for his outrageous discharge

of Plaintiff in violation of clear First Amendment rights.

20.

Plaintiff requests that this Complaint be amended when it is determined, through discovery, whether Defendant "X" exists. Plaintiff wishes to amend the Complaint to name Defendant "X" as a defendant, if such a person exists, or, alternatively, to request punitive damages against Sheriff Banks if he took the clearly unconstitutional action clearly on his own and without influence from outside persons.

22.

Plaintiff is entitled to actual damages for lost income and mental anxiety and stress as a result of his discharge.

**REQUEST FOR RELIEF**

Plaintiff requests actual damages against Defendant County and Defendant Sheriff's Department, and actual and punitive damages against Defendant "X" in an amount to be determined by a jury, and reinstatement. Plaintiff also requests reasonable attorneys' fees, costs, and expenses.

RESPECTFULLY SUBMITTED, this the 19th day of October, 2018.

FREDRICK LYDELL RANDLE, Plaintiff

By: */s/ Jim Waide*

Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

STATE OF MISSISSIPPI

COUNTY OF LEFLORE

PERSONALLY came and appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named FREDRICK LYDELL RANDLE, who, after being first duly sworn, states under oath that the facts contained in the above and foregoing COMPLAINT are true and correct as stated therein.

Fredrick L. Randle
FREDRICK LYDELL RANDLE

GIVEN under my hand and official seal of office on this the 15th day of October, 2018.

NOTARY PUBLIC

STATE OF MISSISSIPPI NOTARY PUBLIC ID # 109621 MICHAEL COOLEY Commission Expires July 22, 2022 LEFLORE COUNTY

My Commission Expires: 7-22-22